THE STATE ex inf. JAMES H. CHINN, Prosecuting Attorney, ex rel. J. F. BOTTS, v. LILLIE L. HOLLOWELL, Appellant.

In Banc, July 8, 1921.

1. **COUNTY SUPERINTENDENT:** Qualifications. A person who, at the time of her election in April, 1919, held a certificate of the board of regents of a state normal school, which was also authenticated by the State Superintendent of Public Schools, authorizing her to teach the branches of study therein named in the public schools of Missouri for a period of two years, was qualified to hold the office of county superintendent of public schools.

2. ———: ———: **State Certificate.** In 1911, Section 10929, Revised Statutes 1919, was amended by striking out the word "life" and all that part thereof relative to the teacher's certificate being issued by the State Superintendent of Public Schools, leaving a "state certificate authorizing the holder to teach in the public schools of Missouri" as the only requirement necessary to qualify a teacher to hold the office of county superintendent; and a certificate issued by the board of regents of a state normal and authenticated by the State Superintendent of Public Schools is a "state certificate authorizing the holder to teach in the public schools of Missouri." The law in force in April, 1919, did not require a person elected to the office of county superintendent to hold a life certificate, or a certificate issued by the State Superintendent as the result of an examination, but only required the qualifying certificate to be a "state certificate."

Appeal from Schuyler Circuit Court.—*Hon. N. M. Pettingill,* Judge.

REVERSED AND REMANDED (*with directions*).

*Higbee & Mills* for appellant.

(1) The court erred in rendering judgment of ouster. On the agreed statement of facts, the evidence and the pleadings, appellant was eligible and possessed the

qualifications for the office of county superintendent. The certificate issued to her by the First District Normal School is a state certificate within the meaning of Sec. 10929, R. S. 1919, as amended by Laws 1911, pages 404 to 405, as it authorized her to teach in the public schools of any county in the State. (2) The state certificate mentioned in line 13, Section 10929, R. S. 1919, was a *life* certificate *granted by the State Superintendent as the result of an examination.* This section, as amended (Laws 1911, p. 404 in line 13) reads: or shall hold a state certificate "authorizing him to teach in the public schools of Missouri." The italicized words were stricken out, and the words in quotation, following "certificate," added by the amendment. It is apparent that a state certificate may be issued by one other than the State Superintendent. They are general words, *ejusdem generis,* meaning a certificate from any normal school, or the normal department of the State University, or Lincoln Institute, or the State Superintendent; otherwise, the amendment is an abortion. There is no particular teacher's certificate denominated *eo nomine* a state certificate. If there is anything in Section 11073 supposed to conflict with this construction, it must yield to the amendment above mentioned. The controlling words are, "a certificate authorizing them to teach in the public schools." (3) The certificate held by Mrs. Hollowell, if not within the letter, is a state certificate within the spirt and meaning of Section 10929, as amended by the Act of 1911. Perry v. Strawbridge, 209 Mo. 639; 36 Cyc. 1108C; Broom's Legal Maxims (7 Ed.) 685, 686.

*Shelton & Shelton* and *Fogle & Fogle* for relator.

(1) Appellant must have been qualified to hold the office of County Superintendent of Public Schools of Schuyler County, at the time of her election. She could not qualify afterwards. She must have held the qualifying diploma or certificate at the very time of her

election. Sec. 10929, R. S. 1919, as amended; Laws 1911, 1913, 1915, and 1917; State ex rel. Weed v. Meek, 129 Mo. 431; State ex rel. Kempf v. Boal, 46 Mo. 528; 32 Cyc. 1462. (2) In the construction of a statute, a cardinal rule is to get at the intendment of the lawmaker and enforce that intendment. Garner v. Reynolds, 184 Mo. 688; State v. Trustees, 234 Mo. 299. (3) Words and phrases shall be taken in their plain or ordinary and usual sense. Sec. 8057, R. S. 1909; State ex rel. v. Riley, 203 Mo. 175; Smith v. Railway, 143 Mo. 30. (4) In arriving at the legislative intention in any given law, it is not merely useful but imperative to examine the previous condition of the written law and of the decisions construing it in order to discover what was the purpose aimed at by the amendment, the better to give such interpretation to the last law as will carry out the design for which it was passed. Gaines v. Reynolds, 184 Mo. 688.

M. D. CAMPBELL, Special Judge.—This action was instituted on the 16th day of May, 1920, on the information of James H. Chinn, Prosecuting Attorney of Schuyler County, at the relation of J. F. Botts, against appellant, to oust her from the office of County Superintendent of Public Schools for said county.

At the annual district school meetings in Schuyler County in April, 1915, relator was elected to the office of County Superintendent of Public Schools for that county. He thereupon qualified and was holding the office at the time of the annual district school meetings in April, 1919. At the annual school district meetings last referred to, relator and appellant were the only candidates for election to said office. At said meetings appellant received the greatest number of votes. On April 5, 1919, commission was issued to her for said office by the County Clerk of Schuyler County, she took the required oath, gave the required bond, and was holding the office at the date of the institution of this action.

On the date of appellant's election she held a cer-

tificate of the Board of Regents of the State Normal School of Kirksville, Missouri, which was also signed by the State Superintendent of Public Schools of Missouri, authorizing her to teach the branches therein named in the public schools of this State for a period of two years from its date.

The cause was submitted to the trial court upon an agreed statement of facts, from which it appears that relator's only insistence is that appellant did not possess the statutory qualifications to hold the office because the certificate held by her did not comply with either of the three alternative qualifications prescribed in the Laws of 1911, as follows: "and shall at the time of his election hold a diploma from one of the state normal schools or teachers' college of the State University, or shall hold a state certificate authorizing him to teach in the public schools of Missouri, or shall hold a first grade county certificate authorizing him to teach in the county of which he is superintendent."

It is contended by respondent that said certificate so issued to appellant by the Board of Regents of the State Normal School, authenticated by the State Superintendent of Schools, is not a "state certificate authorizing him to teach in the public schools of Missouri." This contention presents the only question for decision.

Section 10929, Revised Statutes 1909, among other provisions unnecessary to quote, provided the qualifications of a county superintendent of public schools as follows: "a life state certificate authorizing him to teach in the public schools of Missouri, granted by the State Superintendent of Public Schools as the result of an examination, which shall include the subjects of school supervision and teaching in the rural schools." In 1911 the statute, Section 10929, was amended (Laws 1911, p. 404) by striking out the word "life" and all that part of the section relative to the certificate being issued by the State Superintendent of Public Schools as the result of an examination, thus leaving the only requirement a

"state certificate authorizing the holder to teach in the public schools of Missouri." That the certificate held by appellant is not a life certificate issued by the State Superintendent of Public Schools as the result of an examination is conceded. The law in force at the time of the election in question did not require a life certificate, nor a certificate issued by the State Superintendent of Public Schools as the result of an examination. The laws then in force required the qualifying certificate to be a "state certificate."

Section 10929 as amended does not contemplate that the State Superintendent may issue a certificate. If, in the amendment of that section, the term "state certificate" had been employed without any other or further qualifying or defining words, the legislative intent might be doubtful. But those words are immediately followed by "authorizing him to teach in the public schools of Missouri," which is in effect a legislative definition of the term "state certificate." Having amended the statute of 1909 in so far as the same required a person elected to the office to hold a life state certificate issued by the State Superintendent as the result of an examination, and enacted in lieu thereof a provision requiring such person to hold a state certificate authorizing him to teach in the public schools of the State, the Legislature necessarily intended a certificate issued by the authority of the State and by its proper and designated officers, which authorized the person named therein to teach in the public schools of Missouri, to be a "state certificate," and it would be an unnatural and harsh construction of the statute to hold that such a certificate was not a "state certificate."

The certificate held by appellant emanated from the State by statute (R. S. 1909, sec. 11073), and authorized her to teach in the public schools of Missouri, and said certificate is, therefore, a state certificate, within the meaning of the qualifying statute. It follows that appellant at the time of her election was qualified to hold the

office, and that the judgment of ouster rendered by the Circuit Court of Schuyler County should be and is reversed and the cause remanded with directions to enter its judgment quashing the information. *Graves, David E. Blair* and *Elder, JJ.,* concur; *James T. Blair, C. J.,* and *Walker* and *Woodson, JJ.,* dissent. *Higbee, J.,* not sitting.